CHRISTOPHER M. KELLER, ESQ.
Nevada Bar No. 7399
PYATT SILVESTRI & HANLON
701 Bridger Ave., Suite 600
Las Vegas, Nevada 89101
(702) 383-6000

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEVADA

BRIAN GLYNN,

           Plaintiff,

vs.

GEICO INDEMNITY COMPANY, a
Massachusetts corporation, DOES I through X,

           Defendants.

CASE NO. 2:11-cv-01175-KJD-CWH

**STIPULATION FOR PROTECTIVE ORDER AND
PROTECTIVE ORDER**

WHEREAS, the parties recognize that the documents/materials have been requested to be produced that GEICO INDEMNITY COMPANY ("GEICO") claims may be confidential or contain proprietary information, which should not be disclosed except in a highly restricted fashion;

WHEREAS, the parties desire to litigate this Action without jeopardizing any business, commercial or proprietary interest in the confidentiality of GEICO's information and/or materials and submit that good cause therefore exists for the entry of the following Protective Order ("Order") which shall govern the use, handling and disclosure of all confidential documents, material, testimony and information produced or given in this Action which relates in any way to the Depositions and is designated to be subject to this Order;

. . .

. . .

. . .

1  It is hereby stipulated by and between Plaintiff and Defendant as follows:

2  A) If any party to this lawsuit believes that any document it discloses during discovery is confidential, that party shall designate such documents by marking them with an overlay that indicates the confidential nature of the documents prior to the time of production. The parties shall identify confidential documents subject to this Protective Order by marking each page diagonally (from lower left-hand corner to upper right-hand corner) with the following language:

**CONFIDENTIAL SUBJECT TO COURT ORDER BRIAN GLYNN vs. GEICO INDEMNITY COMPANY ("GEICO"), UNITED STATES DISTRICT COURT CASE NO. 2:11-cv-01175-KJD-CWH.**

B) If a party disputes the confidential designation of any document, counsel for that party shall notify counsel for the designating party of such objection in writing, and the designating party shall file a Motion for Protective Order with respect to the challenged documents within 30 days of receipt of such written notice. If the designating party does not file such a motion within the 30-day period, the documents whose confidential designations are disputed shall be deemed not to be confidential by agreement of the parties. If a Motion for Protective Order is filed within the 30-day period, the disputed documents and information shall remain subject to the provisions of this Protective Order, pending a contrary ruling by the Court.

C) If a party determines that it is reasonably necessary in conjunction with the prosecution or defense of claims in this case to include confidential documents, or the information contained therein, or make references thereto in papers filed with this Court or in any presentation to or before the Court, the documents, papers, and/or transcripts of proceedings shall be labeled as indicated in Paragraph "A" of this Protective Order and shall be filed under seal, bearing the following legend clearly written on the face of the sealed envelope under the name and case number of this action:

**CONFIDENTIAL-SUBJECT TO COURT ORDER**

**The contents of this envelope are subject to a Protective Order entered by the Court in Brian Glynn vs. Geico Indemnity Company, United States District Court Case No. 2:11-cv-01175-KJD-CWH. These materials shall be treated as confidential, and must not be shown to any person except as authorized by an Order of the Court.**

G)  Prior to disclosing confidential documents, or the information contained therein to any experts or consultants pursuant to Paragraph "F" hereof, counsel for that party shall first give a copy of this Protective Order to such person(s), and receive from such person(s) an executed Confidentiality Agreement wherein such person acknowledges full acceptance of all terms contained herein. Said Confidentiality Agreement shall be provided to counsel for any other party within 30 days of such person's execution of the Confidentiality Agreement or upon formal expert disclosures, whichever is later.

H)  Upon final termination of this action, including any appeals, all documents designated as confidential, and all copies, abstracts or summaries thereof, including all copies provided to experts or consultants, shall be returned to counsel for the designating party. The foregoing shall not preclude a party's counsel from retaining his or her own work product which shall be used only for internal purpose by that attorney or by clerks, paralegals and secretaries in the regular employment of the party's counsel, and shall not be shared or disclosed to anyone other than these individuals.

I)  The terms of this Protective Order shall survive the final termination of this action, shall continue to bind the parties and their counsel, and the Court shall retain jurisdiction to enforce this Protective Order.

J)  Any party may seek to have the Court modify or terminate this Protective Order at any time such party deems appropriate.

Dated this 12 day of January, 2012.

VANNAH & VANNAH

_____
MATTHEW R. VANNAH, ESQ.
Nevada Bar No. 006855
400 South Fourth Street, Sixth Floor
Las Vegas, Nevada 89101

Attorneys for Plaintiffs
mvannah@vannahlaw.com

PYATT SILVESTRI & HANLON

_____
CHRISTOPHER M. KELLER, ESQ.
Nevada Bar No. 7399
701 Bridger Avenue, Suite 600
Las Vegas, Nevada 89101

Attorneys for Defendants
ckeller@psh-law.com

## PROTECTIVE ORDER

The Court having considered the Stipulation for Entry of Protective Order, and it appearing that there is good cause for an Order providing confidential treatment for certain documents and information that may be disclosed or produced during discovery or other proceedings, herein,

IT IS HEREBY ORDERED that the terms of the PROTECTIVE ORDER be accepted and put into effect.

DATED: January 27, 2012.

_____
U. S. DISTRICT COURT JUDGE

Prepared By:

PYATT SILVESTRI & HANLON

CHRISTOPHER M. KELLER, ESQ.
Nevada Bar No. 7399
PYATT SILVESTRI & HANLON
701 Bridger Avenue, Suite 600
Las Vegas, Nevada 89101
Attorneys for Defendant, GEICO

Brian Glynn vs. Geico Indemnity Company, et al., Case No. 2:11-cv-01175-KJD-LRL
Stipulation for Protective Order and Protective Order